[No. B169749. Second Dist., Div. Five. Apr. 12, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
HOY CHAN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II (D).

COUNSEL

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

Bonnie M. Dumanis, District Attorney (San Diego), Anthony Lovett and Catherine Stephenson, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

**TURNER, P. J.**—

## I. INTRODUCTION

Defendant, Hoy Chan, appeals after he was convicted of 10 counts of forcible lewd conduct with a child. (Pen. Code, § 288, subd. (b)(1).)[1] Further, defendant was convicted of 10 counts of lewd conduct on a child. (§ 288, subd. (a).) Also, defendant was convicted of a single count of failing to register as a sex offender. (Pen. Code, § 290, subd. (g)(2).) Finally, the jury found defendant had previously been convicted of a violation of section 288, subdivision (a), a serious and violent felony, within the meaning of sections 667, subdivision (a), 667.61, subdivisions (a) and (d)(1), and 667.71, subdivision (c)(4).

On appeal, defendant and the Attorney General raise various contentions. In the published portion of the opinion, we address: the sufficiency of the evidence defendant failed to register as a previously convicted sex offender; the effect of convictions on 10 counts for both the greater and included offense of violations of section 288, subdivisions (b)(1) and (a) respectively; and the contention of the Attorney General that trial court should have imposed indeterminate terms as to all of the section 288, subdivision (b)(1) child molestation by force counts. In terms of the issues raised in the published portion of this opinion, we conclude that: the failure to register charge in count 12 is supported by substantial evidence; defendant may not be convicted as to counts 2 through 11 of violating both section 288,

---

[1] Unless otherwise noted, all future statutory references are to the Penal Code.

subdivision (b)(1), lewd conduct by force, and the lesser offense of a violation of section 288, subdivision (a), lewd conduct without force; and the trial court should have imposed consecutive indeterminate terms as to counts 3 through 11. In the unpublished portion of the opinion, we make other changes to the judgment.

## II. DISCUSSION

### A. Sufficiency of the Evidence

Defendant argues there was insufficient evidence he failed to register as a previously convicted sex offender within the meaning of section 290, subdivision (g)(2). There are two components to defendant's sufficiency of the evidence analysis. First, defendant presents a general sufficiency of the evidence contention focusing on the fact he only made a slight two-digit error when registering on March 6, 2002. Second, he asserts the corpus delicti rule requires we find the evidence is insufficient as to the registration charge. We respectfully reject each contention.

Defendant, a resident of Long Beach, California, had previously been sentenced to prison on May 13, 1993, for a lewd act on a child in violation of section 288, subdivision (a). As required of convicted sex offenders, defendant registered with the Long Beach Police Department on November 5, 1999. Detective Michael Holguin described the procedures utilized by the Long Beach Police Department for registering sex offenders: a convicted sex offender must register within five days of his or her birthday; if the offender moves, written notification must occur within five days; the convicted sex offender fills out written forms provided by the California Department of Justice; and the information placed on the forms by the convicted offender must be accurate.

Defendant first registered with the Long Beach Police Department on November 5, 1999. Defendant indicated on the registration form that he resided at 1380 Cherry Avenue in Long Beach. On March 6, 2002, defendant filed his annual registration form with the Long Beach Police Department. Defendant listed his address as 1434 Walnut Avenue, apartment No. 2 in Long Beach. (As will be noted, no such address exists.) Attached to the registration form is defendant's photograph. Defendant's right thumbprint is on the March 6, 2002, registration form. Additionally on March 6, 2002, defendant signed a registration card, also containing his thumbprint, indicating he was a convicted sex offender. The registration card was mailed to defendant on March 29, 2002, but was returned by the postal service. On May 17, 2002, Officer James Foster attempted to go to 1434 Walnut Avenue, apartment No. 2 in Long Beach. This was the address appearing on the

registration form and card, both signed by defendant on March 6, 2002. Officer Foster discovered that the address of 1434 Walnut did not exist.

On May 23, 2002, defendant returned to the Long Beach Police Department and registered his address as 1400 Lewis Avenue, apartment A. As in the case of the March 6, 2002, registration, defendant's right thumbprint was on the May 23, 2002, form. Both the March 6 and May 23, 2002, Department of Justice forms are signed under penalty of perjury.

On June 1, 2002, Long Beach Police Officer Joe Pirooz went to 1396 Lewis Avenue. As noted previously, defendant listed his address when registering on May 23, 2002, as being 1400 Lewis Avenue. Defendant was at 1396 Lewis Avenue in the presence of three minor girls. The following testimony was presented by Officer Pirooz concerning the 1396 Lewis Avenue address: "Q Did the defendant tell you if he lived at that location? [¶] A Yes." Defendant testified he knew he had a duty to register as a sex offender. While testifying, defendant admitted he resided at 1436 Walnut Avenue, apartment No. 2 on March 6, 2002; not 1434 Walnut Avenue, apartment No. 2 as appears on the registration form and card executed by him under penalty of perjury on that date.

■ There is no merit to the contention the foregoing evidence is insufficient to support the failing to register conviction. We review the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 99 S.Ct. 2781]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir.1994) 31 F.3d 907, 908–909.) In reviewing a challenge of the sufficiency of the evidence, we apply the following standard of review: "[We] must consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt." (*People v. Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388], fn. omitted; see *People v. Hayes* (1990) 52 Cal.3d 577, 631 [276 Cal.Rptr. 874, 802 P.2d 376].) Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime true beyond a reasonable doubt. (*Jackson v. Virginia, supra,* 443 U.S. at pp. 318–319; *People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374].) The standard of review is the same in cases where the prosecution relies primarily on circumstantial evidence. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618]; *People v. Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481].) The California Supreme Court has held, "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there

sufficient substantial evidence to support [the conviction].' " (*People v. Bolin, supra,* 18 Cal.4th at p. 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

■ Defendant has been convicted of failing to register in violation of section 290, subdivision (g)(2).[2] The California Supreme Court has described the section 290 convicted sex offender registration responsibility as follows: "[A] convicted sex offender must register not only on conviction, but whenever 'coming into any city, county, or city and county in which he or she temporarily resides or is domiciled . . . .' (§ 290, subd. (a).) Supplemental address change information helps law enforcement agencies keep track of sex offenders who move within the same city or county or are transient. In large cities such as Los Angeles or huge counties like San Bernardino, where offenders can easily relocate without reregistering, section 290(f) seeks to prevent them from disappearing from the rolls. Ensuring offenders are 'readily available for police surveillance' (*Barrows v. Municipal Court* [(1970) 1 Cal.3d 821,] 825 [83 Cal.Rptr. 819, 464 P.2d 483]) depends on timely change-of-address notification. Without it law enforcement efforts will be frustrated and the statutory purpose thwarted. The statute is thus regulatory in nature, intended to accomplish the government's objective by mandating certain affirmative acts. Compliance is essential to that objective; lack of compliance fatal." (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527–528 [63 Cal.Rptr.2d 322, 936 P.2d 101].)

■ The Supreme Court has described the requisite mental state for a section 290 failure to register violation thusly: "In a case like this, involving a *failure* to act, we believe section 290 requires the defendant to actually know of the duty to act. Both today and under the version applicable to defendant, a sex offender is guilty of a felony only if he 'willfully violates' the registration or notification provisions of section 290. (§ 290, former subd. (g)(3), as amended by Stats. 1994, ch. 867, § 2.7, p. 4393; § 290, present subd. (g)(3).) The word 'willfully' implies a 'purpose or willingness' to make the omission. (§ 7.) Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed. As stated in *People v. Honig* (1996) 48 Cal.App.4th 289, 334 [55 Cal.Rptr.2d 555], 'the term "willfully" . . . imports a requirement that "the person knows what he is doing." [Citation.] Consistent with that requirement, and in appropriate cases, knowledge has been held to be a concomitant of willfulness. [Fn. omitted.]'

---

[2] Section 290, subdivision (g)(2) states, "Except as provided in paragraphs (5) [and] (7) . . . , any person who is required to register under this section based on a felony conviction or juvenile adjudication who willfully violates any requirement of this section or who has a prior conviction or juvenile adjudication for the offense of failing to register under this section and who subsequently and willfully violates any requirement of this section is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years."

Accordingly, a violation of section 290 requires actual knowledge of the duty to register. A jury may infer knowledge from notice, but notice alone does not necessarily satisfy the willfulness requirement." (*People v. Garcia* (2001) 25 Cal.4th 744, 752 [107 Cal.Rptr.2d 355, 23 P.3d 590], original italics; see *People v. Barker* (2004) 34 Cal.4th 345, 351 [18 Cal.Rptr.3d 260].)

■ However, merely forgetting to register is not a defense to a section 290 charge. In *People v. Barker, supra,* 34 Cal.4th at page 358, the Supreme Court held that the willfulness element of section 290 may not be negated by just forgetting to register. The Supreme Court explained, "[W]e conclude that countenancing excuses of the sort given by defendant that he *just forgot* about his registration obligation 'would effectively "eviscerate" the statute' just as surely as characterizing violation of the statute as an instantaneous offense would have eviscerated it. (*Wright* [*v. Superior Court*], *supra,* 15 Cal.4th at p. 528.) [¶] We emphasize the limits of our holding. We do not here express an opinion as to whether forgetfulness resulting from, for example, an *acute psychological condition,* or a *chronic deficit of memory or intelligence* might negate the willfulness required for a section 290 violation." (*People v. Barker, supra,* 34 Cal.4th at p. 358, original italics; accord, *People v. Cox* (2002) 94 Cal.App.4th 1371, 1377 [115 Cal.Rptr.2d 123].)

There is substantial evidence defendant willfully failed to accurately register his address with the Long Beach Police Department as required by section 290, subdivision (g)(2). Defendant had previously been convicted of lewd conduct with a child in violation of section 288, subdivision (a). Defendant had knowledge of the duty to register. He initialed the rear of the form acknowledging he knew of his duty to register. Defendant had registered prior to March 6, 2002. He knew he had a duty to provide accurate information. The registration forms are executed under penalty of perjury. On March 6, 2002, defendant wrote on the registration form he resided at 1434 Walnut Avenue in apartment No. 2; an address that does not exist. Defendant also executed a registration receipt which lists the nonexistent Walnut Avenue address. Defendant's right thumbprint is on the registration form and the receipt. Hs photograph is attached to the registration form. The registration receipt was mailed to defendant and returned by the postal service. On May 17, 2002, Officer Foster went to the 1434 Walnut address provided by defendant and discovered it did not exist. Defendant reregistered on May 23, 2002, listing his address as 1400 Lewis Avenue, apartment A. When arrested on June 1, 2002, by Officer Pirooz, defendant was at 1396 Lewis which was other than the residence where he had reregistered on May 23, 2002. This constitutes substantial evidence defendant gave a false address on March 6, 2002.

■ There is no merit to defendant's assertion that his admission he lived at 1396 Lewis when arrested on June 1, 2002, is of no legal consequence. As

noted previously, Officer Pirooz testified thusly: "Q Did the defendant tell you if he lived at that location? [¶] A Yes." Defendant suggests that the answer "yes" is too vague to be of material consequence. Defendant reasons that when he answered yes, it could have meant he in fact lived at 1396 Lewis. On the other hand, defendant argues his response is consistent with the conclusion he merely answered the question (do you live here at 1396 Lewis?) but did not in fact admit residing there. (Had he resided at 1396 Lewis, he potentially would be subject to a violation for giving a false address since he registered the 1400 Lewis address with the police.) No doubt, in the trial court, Officer Pirooz's one word "Yes" answer could be the subject of legitimate debate. But this case is now on appeal and Officer Pirooz's one-word response is to be taken in a light most favorable to the judgment. The California Supreme Court has explained: " 'In reviewing the sufficiency of the evidence to support a judgment of conviction, we examine the entire record in the light most favorable to the prosecution, presuming in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence, to determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.' " (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 87 [17 Cal.Rptr.3d 710, 96 P.3d 30], citing *People v. Hayes, supra,* 52 Cal.3d at p. 631.) When viewed in a light most favorable to the judgment, the one-word answer indicates defendant admitted on June 1, 2002, he lived at 1396 Lewis Avenue seven days after falsely registering the 1400 Lewis Avenue address. ▮ Defendant's false statement on the May 23, 2002, registration form that he lived at 1400 Lewis is evidence of moral turpitude; thereby undercutting his in court testimony he only made a mistake when registering on March 6, 2002. (Cal. Const., art I, § 28, subd. (d) [Right to Truth-in-Evidence][3]; see *City of Los Angeles v. Superior Court* (2002) 29 Cal.4th 1, 21 [124 Cal.Rptr.2d 202, 52 P.3d 129] ["nonfelony conduct involving moral turpitude is admissible to impeach a witness in a criminal case"].) ▮ Further, it was evidence of a unique common scheme on defendant's part to mislead Long Beach police officers as to where he lived while maintaining the plausible explanation that he only made a nonwillful innocent mistake. (Evid. Code, § 1101, subd. (b); *People v. Catlin* (2001) 26 Cal.4th 81, 120 [109 Cal.Rptr.2d 31, 26 P.3d 357] ["despite the prohibition against admitting evidence of an uncharged crime to demonstrate a defendant's criminal propensity, such evidence is admissible to show . . . the existence of a common scheme or plan"].)

---

[3] California Constitution article I, section 28, subdivision (d) states: "Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

■ Additionally, defendant argues a subtle variant of the "I forgot" defense posited in *Barker* and rejected there by the California Supreme Court. Defendant argues all that occurred was a slight "digit error" when he registered the 1434 Walnut, apartment No. 2 address. To begin with, defendant falsely wrote the imaginary 1434 Walnut, apartment No. 2 address not only on the registration form, but signed the receipt which contained the same fictional residence. Moreover, so long as the accused, with knowledge of the registration requirement, acts willfully as explicitly specified in section 290, subdivision (g)(2), and such is proven beyond a reasonable doubt to the trier of fact, forgetting one's correct address while registering is not a defense any more than not remembering to register. (Cf. *People v. Barker, supra,* 34 Cal.4th at p. 358; *People v. Cox, supra,* 94 Cal.App.4th at p. 1377.) We need not therefore address the related argument of the Attorney General that there is substantial evidence defendant violated section 290, subdivision (g)(2) by falsely registering the 1400 Lewis Avenue, apartment A address on May 23, 2002.

Finally, there is no merit to defendant's corpus delicti argument. Until the adoption of California Constitution article I, section 28, subdivision (d), there were two aspects to the corpus delicti rule. The first aspect involved the admissibility of evidence. Prior to the 1982 constitutional amendment, evidence of an accused's admission or confession was inadmissible in the face of a corpus delicti objection absent some independent proof of the criminal conduct. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1170 [119 Cal.Rptr.2d 903, 46 P.3d 372]; *People v. Robbins* (1988) 45 Cal.3d 867, 885–886 [248 Cal.Rptr. 172, 755 P.2d 355].) However, the Supreme Court has held that the admissibility of evidence rule was abrogated by the adoption of the Truth-in-Evidence provisions of article I, section 28, subdivision (d) of the California Constitution in 1982. (*People v. Sapp* (2003) 31 Cal.4th 240, 303 [2 Cal.Rptr.3d 554, 73 P.3d 433]; *People v. Alvarez, supra,* 27 Cal.4th at p. 1165.) The second aspect of the corpus delicti rule, which involves the sufficiency of the evidence as well as related instructional matters at issue in this case, remains in effect notwithstanding the Truth-in-Evidence provisions of California Constitution, article I, section 28, subdivision (d). (*People v. Sapp, supra,* 31 Cal.4th at p. 303; *People v. Alvarez, supra,* 27 Cal.4th at pp. 1165–1166.) The corpus delicti rule is based on the common law and not premised on any constitutional requirement. (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1127 [124 Cal.Rptr.2d 373, 52 P.3d 572]; *People v. Alvarez, supra,* 27 Cal.4th at p. 1169.)

■ Defendant argues that the evidence was insufficient because of California's corpus delicti rule. The Supreme Court has described the corpus delicti rule thusly: "In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself—i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause. In California, it has

traditionally been held, the prosecution cannot satisfy this burden by relying *exclusively* upon the extrajudicial statements, confessions, or admissions of the defendant. [Citations.]" (E.g., *People v. Alvarez, supra,* 27 Cal.4th at pp. 1168–1169; accord, *People v. Ochoa* (1998) 19 Cal.4th 353, 404 [79 Cal.Rptr.2d 408, 966 P.2d 442].) The scope of the rule is as follows: "In requiring independent evidence of the corpus delicti, California has not distinguished between actual confessions or admissions on the one hand, and preoffense statements of intent on the other. Thus, the rule in California has been that one cannot be convicted when there is no proof a crime occurred other than his or her own earlier utterances indicating a predisposition or purpose to commit it. [Citations.]" (*People v. Alvarez, supra,* 27 Cal.4th at pp. 1170–1171; see *People v. Beagle* (1972) 6 Cal.3d 441, 455, fn. 5 [99 Cal.Rptr. 313, 492 P.2d 1].)

However, the corpus delicti rule has no application when the defendant's extrajudicial statements constitute the crime. In *People v. Carpenter* (1997) 15 Cal.4th 312, 394 [63 Cal.Rptr.2d 1, 935 P.2d 708], the Supreme Court noted: "We have extended the corpus delicti rule to preoffense statements of later intent as well as to postoffense admissions and confessions (*People v. Beagle, supra,* 6 Cal.3d at p. 455), but not to a statement that is *part of the crime itself.* (Cf. *People v. Ford* [(1964)] 60 Cal.2d [772,] 799–800 [36 Cal.Rptr. 620, 388 P.2d 892] [involving the cautionary instruction but not the corpus delicti instruction.])" (Original italics; accord, *Government of Virgin Islands v. Hoheb* (3d Cir.1985) 777 F.2d 138, 142; *State v. Pietrzak* (2002) 110 Wn.App. 670 [41 P.3d 1240, 1245]; *State v. Johnson* (Utah 1991) 821 P.2d 1150, 1162–1163.)

We recognize that the precise issue of whether the corpus delicti sufficiency of the evidence rule applies to statements which constitute the crime itself was not directly at issue in *Carpenter.* Hence, a rational argument can be made that *Carpenter* is not controlling authority for our corpus delicti analysis. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1278 [135 Cal.Rptr.2d 654, 70 P.3d 1067] [" 'an opinion is not authority for a proposition not therein considered' "]; *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1081 [130 Cal.Rptr.2d 892, 63 P.3d 979]; [" ' "cases are not authority for propositions not considered" ' "].) But the California Supreme Court's analysis is consistent with the developing common law formulation of the sufficiency of the evidence corpus delicti rule—it does not extend to statements made during the commission of the charged crime. Moreover, the purpose of the corpus delicti rule is to prevent the conviction of the innocent by his or her own words of a crime that never happened. The extrajudicial statements at issue here are defendant's own false written entries on California Department of Justice convicted sex offender registration forms; i.e., the

crime itself. Defendant admitted filling out the form. We are persuaded by the California Supreme Court's analysis in *Carpenter*; the corpus delicti rule is therefore inapplicable.

## B. Convictions of Greater and Lesser Offenses

In counts 2 through 11, the jury was instructed on the charged offense of lewd conduct by means of force in violation of section 288, subdivision (b)(1).[4] The jury was also instructed on the included offense of lewd conduct without force in violation of section 288, subdivision (a).[5] The jury returned verdicts on counts 2 through 11 of both the greater and the lesser offenses. Defendant argues all of the lesser offense findings, violations of section 288, subdivision (a)—lewd conduct on a child without force—must be reversed. We agree.

An accused may not lawfully be convicted, as occurred here, of both greater and included offenses in an individual count. (*People v. Ortega* (1998) 19 Cal.4th 686, 692–693 [80 Cal.Rptr.2d 489, 968 P.2d 48]; *People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) When such a state of affairs is discovered on appeal, the correct course of action is to reverse the conviction for the included offense and direct the entry of a dismissal of the less serious crime. (*People v. Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763] [reversal]; *People v. Tideman* (1962) 57 Cal.2d 574, 582 [21 Cal.Rptr. 207, 370 P.2d 1007] [dismissal].) Therefore, as to counts 2 through 11, the convictions for lewd conduct with a child in violation of section 288, subdivision (a) are reversed. Upon issuance of the remittitur, judgments of dismissal are to be entered as to the lesser included offense of lewd conduct with a child. The convictions as to counts 2 through 11 for the greater offense of lewd conduct in violation of section 288, subdivision (b)(1) are to remain in full force and effect.

## C. The Determinate Sentences As to Counts 3 Through 11

The Attorney General argues that a jurisdictional sentencing error has occurred as to counts 3 through 11. As to count 2, the trial court imposed a

---

[4] Section 288, subdivision (b)(1) states, "Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[5] Section 288, subdivision (a) states, "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

sentence of 25 years to life pursuant to section 667.71, subdivision (b).[6] Because defendant had previously been convicted of a serious and violent felony, lewd conduct with a child in violation of section 288, subdivision (a), the 25 years to life sentence was doubled as required by sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1).[7]

The Attorney General contends though that the trial court had a jurisdictional obligation to impose at a minimum consecutive 25-years-to-life indeterminate sentences as to counts 3 through 11 pursuant to section 667.61, subdivision (f). We agree. As to counts 3 through 11, where defendant was convicted of lewd conduct by force on a child in violation of section 288, subdivision (b)(1), the trial court imposed consecutive 16-year determinate terms. The trial court apparently doubled the eight-year upper term to reach the 16-year sentence pursuant to sections 667, subdivision (e)(1), and 1170.12, subdivision (c)(1). (See fn. 7, *ante*.) However, as will be noted section 667.61, subdivision (f) requires that indeterminate terms be imposed as to counts 3 through 11.

This case is subject to section 667.61, commonly referred to as "One Strike" sentencing. (See *Guillory v. Superior Court* (2003) 31 Cal.4th 168, 173 [1 Cal.Rptr.3d 879, 72 P.3d 815]; *People v. Hammer* (2003) 30 Cal.4th 756, 761 [134 Cal.Rptr.2d 590, 69 P.3d 436].) Section 667.61, subdivision (a)[8] applies when a defendant has been convicted, as defendant has, of a violation of section 288, subdivision (b)(1). (§ 667.61, subd. (c)(4);[9] *People v. Leal* (2004) 33 Cal.4th 999, 1012 [16 Cal.Rptr.3d 869, 94 P.3d 1071];

---

[6] Section 667.71, subdivision (b) states, "A habitual sexual offender is punishable by imprisonment in the state prison for 25 years to life. Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term of 25 years in the state prison imposed pursuant to this section. However, in no case shall the minimum term of 25 years be reduced by more than 15 percent for credits granted pursuant to Section 2933, 4019, or any other law providing for conduct credit reduction. In no case shall any person who is punished under this section be released on parole prior to serving at least 85 percent of the minimum term of 25 years in the state prison."

[7] Section 667, subdivision (e)(1) states: "(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." Section 1170.12, subdivision (c)(1) provides for the same enhanced sentencing.

[8] Section 667.61, subdivision (a) states: "A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years except as provided in subdivision (j)."

[9] Section 667.61, subdivision (c)(4) states in part: "(c) This section shall apply to any of the following offenses: [¶] . . . [¶] (4) A violation of subdivision (b) of Section 288."

*People v. Stewart* (2004) 119 Cal.App.4th 163, 171 [14 Cal.Rptr.3d 353].) Section 667.61, subdivision (a) requires a 25-years-to-life indeterminate sentence be imposed if a qualifying factor listed in section 667.61, subdivision (d) is present. Defendant has previously been convicted of lewd conduct in violation of section 288, subdivision (a). A prior conviction for section 288, subdivision (a) is a qualifying circumstance even if the accused was eligible for and received probation pursuant to section 1203.066. (§ 667.61, subd. (c)(7);[10] *People v. Hammer, supra,* 30 Cal.4th at pp. 759–771; see 3 Witkin & Epstein, Cal. Criminal Law (2004 supp.) Punishment, § 388, p. 152.)

 Because the section 667.61, subdivision (d) qualifying circumstance is present, the trial court was required to impose a 25-years-to-life sentence. (§ 667.61, subd. (f).)[11] The Supreme Court has held: "The One Strike law, section 667.61, requires a sentence of 25 years to life in prison whenever a defendant (1) is convicted of a current offense specified in subdivision (c), *and* (2) *either* 'one or more of the circumstances specified in subdivision (d)' *or* 'two or more of the circumstances specified in subdivision (e)' are present. (§ 667.61, subd. (a).) The law expressly divests trial courts of authority to avoid these severe sentences: it provides that courts are barred from exercising their traditional discretion to 'strike' any of the triggering circumstances specified in the One Strike law. (*Id.,* subd. (f).)" (*People v. Hammer, supra,* 30 Cal.4th at p. 761, fns. omitted; see *People v. Rivas* (2004) 119 Cal.App.4th 565, 573 [14 Cal.Rptr.3d 611].) As to counts 3 through 11, the trial court had no authority to impose determinate terms.

 Further, the 25-years-to-life sentences must be served consecutively as to counts 3 through 11. No provision of section 667.61, subdivision (g) prevented the trial court from imposing consecutive sentences. Section 667.61, subdivision (g) states in part: "The term specified in subdivision (a) . . . shall be imposed on the defendant once for any offense or

---

[10] Section 667.61, subdivision (c)(7), states: "(c) This section shall apply to any of the following offenses: [¶] . . . ¶] (7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066."

[11] Section 667.61, subdivision (f) states: "If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the. minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e)."

offenses committed against a single victim during a single occasion. . . . Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable." The Supreme Court has held, "[F]or . . . purposes of . . . section 667.61, subdivision (g), sex offenses occurred on a 'single occasion' if they were committed in close temporal and spatial proximity." (*People v. Jones* (2001) 25 Cal.4th 98, 107 [104 Cal.Rptr.2d 753, 18 P.3d 674]; see *People v. Stewart, supra,* 119 Cal.App.4th at p. 174.) The forcible lewd conduct offenses in this case were committed on separate days over a six-month 10-day time period—hence, they were not committed in "close temporal and spatial proximity" within the meaning of section 667.61, subdivision (g). Therefore, section 667.61, subdivision (g) did not prevent consecutive indeterminate sentences from being imposed. More critically, section 667.6, subdivision (d) required consecutive indeterminate sentences be imposed. Our conclusion in this regard is controlled by the consecutive sentence analysis of our colleague Associate Justice Nathan D. Mihara in *People v. Jackson* (1998) 66 Cal.App.4th 182, 190–193 [77 Cal.Rptr.2d 564]. In this case, the trial court found that the offenses were committed on separate occasions: "The court finds each offense involving the victim was a separate offense committed essentially at a different time and location to give the defendant the opportunity to reflect on his conduct. Each one is a separate offense deserving a separate consecutive punishment." Defendant does not dispute substantial evidence supports the trial court's findings that the offenses occurred on separate occasions. Section 667.6, subdivision (d) states in part, "A full, separate, and consecutive term shall be served for each violation of . . . subdivision (b) of Section 288 . . . if the crimes involve . . . the same victim on separate occasions." ▌ In *Jackson,* Justice Mihara explained: "At issue then is whether section 667.6 applies to indeterminate terms imposed under section 667.61. [¶] The language of section 667.6, subdivision (d) is quite broad and inclusive and does not distinguish between consecutive service of determinate and indeterminate terms." (*People v. Jackson, supra,* 66 Cal.App.4th at p. 192.) We agree with Justice Mihara's analysis. Since defendant's offenses occurred on separate occasions, the trial court was required to impose consecutive indeterminate terms. (*Id.* at pp. 190–193; § 667.6, subd. (d).)

The determinate terms as to counts 3 through 11 are reversed. The judgments of conviction of guilty of lewd conduct by force or duress are affirmed. Upon issuance of the remittitur, the court is to impose consecutive 25-years-to-life indeterminate terms as to counts 3 through 11 and then double them as required by section 667, subdivision (e)(1) and 1170.12, subdivision (c)(1). The trial court retains the authority to exercise its discretion to strike the prior violent or serious felony conviction finding pursuant to section 1385, subdivision (a). (*People v. Garcia* (1999) 20 Cal.4th 490,

503–504 [85 Cal.Rptr.2d 280, 976 P.2d 831]; *People v. Carrillo* (2001) 87 Cal.App.4th 1416, 1419, fn. 3 [105 Cal.Rptr.2d 360].) The trial court has never had occasion to exercise its section 1385, subdivision (a) discretion to strike the remaining prior violent conviction as to counts 3 through 11. The trial court must decide whether to exercise its section 1385, subdivision (a) discretion to potentially strike the prior violent or serious felony conviction in the first instance as to counts 3 through 11. (*People v. Jordan* (1986) 42 Cal.3d 308, 319, fn. 7 [228 Cal.Rptr. 197, 721 P.2d 79]; *People v. Bradley* (1998) 64 Cal.App.4th 386, 400, fn. 5 [75 Cal.Rptr.2d 244].) Nothing in this opinion should be construed as a statement of views as to whether it would be an abuse of discretion to strike the prior violent or serious felony conviction. (*People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429]; *People v. Myers* (1999) 69 Cal.App.4th 305, 309–310 [81 Cal.Rptr.2d 564].) This issue has not been litigated and controlling Supreme Court authority requires these matters first be reviewed by the trial court. (*People v. Williams, supra,* 17 Cal.4th at p. 164–165; *People v. Jordan, supra,* 42 Cal.3d at p. 319, fn. 7.) We leave these questions in the good hands of the trial court.

### D. Other Issues[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISPOSITION

The judgment of conviction for the lesser included convictions of lewd conduct in violation of Penal Code section 288, subdivision (a) as to counts 3 through 11 are reversed. Upon issuance of the remittitur, judgments of dismissal are to be entered as to those lesser included offenses. The conviction of failing to register in violation of Penal Code section 290, subdivision (g)(2) is reversed and remanded for retrial. The judgments of conviction for lewd conduct by force in violation of Penal Code section 288, subdivision (b)(1) as to counts 2 though 11 are affirmed. The count 2 sentence of 50 years to life is to be imposed pursuant to Penal Code sections 667, subdivision (e)(1), 667.61, subdivision (a), and 1170.12, subdivision (c)(1) and is otherwise affirmed. The sentences as counts 3 through 11 are reversed. Upon issuance of the remittitur, the trial court is to impose indeterminate terms as to counts 3 through 11 as discussed in the body of this opinion. The presentence conduct credits award is reduced to 62 days. After the resentencing, an amended abstract of judgment is to be prepared and forwarded to the Department of Corrections. The corrected abstract of judgment is to state that Penal Code section 1202.4, subdivision (b)(1) and 1202.45 restitution fines have been imposed as to each count. The trial court is to actively ensure the

---

[*]See footnote, *ante,* page 408.

clerk accurately prepares the corrected abstract of judgment. The judgment is affirmed in all other respects.

Mosk, J., and Kriegler, J., concurred.

On April 28, 2005, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 13, 2005. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.