[No. B199951. Second Dist., Div. Five. Sept. 18, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JUVENAL VALENCIA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, parts I., III.E.4., and IV. of the opinion are certified for publication.

**COUNSEL**

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Juvenal Valencia, appeals from his convictions for first degree murder (Pen. Code,[1] § 187, subd. (a)); five counts of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664); and one count of shooting at an occupied automobile (§ 246). The jurors also found: the murder was intentional and perpetrated by means of discharging a firearm from an automobile with the intent to inflict death (§ 190.2, subd. (a)(21)); a principal personally discharged a firearm which caused the death of Roberto Morales (§ 12022.53, subds. (c), (d), (e)(1)); a principal personally used a firearm in the murder, the attempted murders, and the shooting at an occupied automobile (§ 12022.53, subds. (b), (e)(1)); and all of the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). In the published portion of this opinion, we hold that the Government Code sections 76104.6 deoxyribonucleic acid penalty and 76104.7 deoxyribonucleic acid state-only penalties do not apply to the Penal Code section 1465.8 court security fee. We reverse the $20 Government Code section 76104.7 deoxyribonucleic acid state-only penalties as well as the 15-year minimum parole eligibility dates imposed as to counts 2 through 6. Additionally, we modify the presentence credit award and impose six additional section 1465.8, subdivision (a)(1) court security fees. We affirm the judgment in all other respects.

## II., III.A.–E.3.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 4. Deoxyribonucleic acid "state-only" penalty

When orally imposing sentence, the trial court stated, "[D]efendant is ordered to pay a . . . security charge pursuant to 1465.8(a)(1), in the amount

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[*] See footnote, *ante,* page 1392.

of $20, and a penal assessment pursuant to 76104.7, in the amount of $20. . . ." In the unpublished portion of the opinion we have held that the trial court should have imposed additional section 1465.8, subdivision (a)(1) court security fees. Defendant argues and the Attorney General agrees that no Government Code section 76104.7 deoxyribonucleic acid state-only penalties can be imposed on any of the court security fees. We agree.

The voters and Legislature have directed the imposition of two deoxyribonucleic acid penalties. First, Government Code section 76104.6, subdivision (a), which was initially adopted as Proposition 69 in the November 2, 2004 General Election, provided for the imposition of a $10 penalty for the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act to be levied on every fine, penalty, or forfeiture imposed in felony and other cases. In 2007, the Legislature amended Government Code section 76104.6, subdivision (a)(1) to state as it does now: "Except as otherwise provided in this section, for the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act, there shall be levied an additional penalty of one dollar for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses . . . ." (Stats. 2007, ch. 302, § 7.) Second, in 2006, the Legislature added Government Code section 76104.7 to provide for an additional deoxyribonucleic acid state-only penalty. (Stats. 2006, ch. 69, § 18.) Amended in 2007, Government Code section 76104.7, subdivision (a) now states, "Except as otherwise provided in this section, in addition to the penalty levied pursuant to Section 76104.6, there shall be levied an additional state-only penalty of one dollar ($1) for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses . . . ." (Stats. 2007, ch. 302, § 8.)

■ The trial court orally imposed a Government Code section 76104.7, subdivision (a) deoxyribonucleic acid state-only penalty. But, as noted, the Government Code section 76104.7, subdivision (a) deoxyribonucleic acid state-only penalty is imposed in *addition* to the similar penalty imposed pursuant to Government Code section 76104.6, subdivision (a). And no Government Code section 76104.6, subdivision (a)(1) deoxyribonucleic acid penalty was orally imposed.

██ In any event, no Government Code section 76104.6, subdivision (a) deoxyribonucleic acid penalty nor a Government Code section 76104.7, subdivision (a) state-only penalty may be imposed on a Penal Code section 1465.8, subdivision (a)(1) court security fee. As a result of a 2007 amendment, section 1465.8, subdivision (b), the court security fee provision, states in part, "The penalties authorized by Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, and the state surcharge authorized by Section 1465.7, do not apply to this fee." (Stats. 2007, ch. 302, § 18.) The Government Code section 76104.6, subdivision (a) deoxyribonucleic acid penalty is in chapter 12, title 8, of the Government Code. As a result, no Government Code section 76104.6, subdivision (a) deoxyribonucleic acid penalty can be imposed on a section 1465.8, subdivision (a)(1) court security fee. ██ Since no Government Code section 76104.6, subdivision (a) deoxyribonucleic acid penalty may be imposed, neither may a Government Code section 76104.7, subdivision (a) state-only penalty be levied. The Government Code section 76104.7, subdivision (a) state-only penalty is reversed and stricken. The trial court is to personally insure the abstract of judgment is corrected to fully comport with the modifications we have ordered. (*People v. Acosta* (2002) 29 Cal.4th 105, 110, fn. 2 [124 Cal.Rptr.2d 435, 52 P.3d 624]; *People v. Chan* (2005) 128 Cal.App.4th 408, 425–426 [26 Cal.Rptr.3d 878].)

## IV. DISPOSITION

The judgment is reversed only insofar as it imposes a 15-year minimum parole eligibility date pursuant to Penal Code section 186.22, subdivision (b)(5) as to counts 2 through 6; levies the $20 Government Code section 76104.7, subdivision (a) state-only penalty; awards 500 days of presentence credit; and imposes only a single section 1465.8, subdivision (a)(1) court security fee. The judgment is to be modified to reflect that defendant is subject to a seven-year minimum parole eligibility date pursuant to Penal Code section 3046, subdivision (a)(1) as to counts 2 through 6; and an additional six $20 section 1465.8, subdivision (a)(1) court security fees for a total of seven fees. Defendant is to receive 501 days of presentence credit for time actually served and no conduct credits. Upon

remittitur issuance, the superior court clerk shall forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

Kriegler, J., concurred.

**MOSK, J.,** Concurring.—[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Appellant's petition for review by the Supreme Court was denied December 23, 2008, S167733. Werdegar, J., did not participate therein.

---

[*]See footnote, *ante*, page 1392.