Filed 3/21/13  P. v. Payne CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AARON T. PAYNE,<br><br>　　　　Defendant and Appellant. | B242452<br><br>(Los Angeles County<br>Super. Ct. No. TA120886) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County. John Joseph Cheroske, Judge.  Affirmed as modified.

　　　　Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pursuant to a negotiated plea agreement, Aaron Payne pleaded no contest to assault with a deadly weapon and admitted an allegation that he personally inflicted great bodily injury. (Pen. Code, §§ 245, subd. (a)(1); 12022.7, subd. (a).)[1] Payne further admitted a prior strike and two prior serious felony convictions. (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d); 667, subd. (a)(1).) The trial court sentenced Payne to state prison for an aggregate term of 17 years in accord with the plea agreement.

The trial court imposed a series of fines, fees and assessments, one of which is the subject of Payne's current appeal. The court imposed a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), a restitution fine in the amount of $4,080 (Pen. Code, § 1202.4, subd. (b)), and a corresponding parole revocation fine, which was stayed (Pen. Code, § 1202.45). As relevant to Payne's appeal, the court ordered Payne to provide a deoxyribonucleic acid (DNA) sample and, to pay a DNA penalty pursuant to Government Code section 76104.7 in the amount of $20.

## DISCUSSION

Payne contends the trial court erred in imposing the $20 DNA penalty pursuant to Government Code section 76104.7. The People concede error, and we rule that the DNA penalty must be stricken. The statutes prescribe two DNA penalties. Government Code section 76104.6 provides that a trial court shall levy a DNA penalty, calculated in relation to every fine, penalty or forfeiture imposed for all criminal offenses, except as otherwise provided by law. Under Government Code section 76104.7, a trial court shall impose a

---

[1] The probation officer's report indicates: Los Angeles County Sheriff's Department officers responded to a local hospital where they spoke with the victim of a reported assault. According to the victim, he and Payne lived at a group home for people with drug and alcohol abuse problems. Payne became angry when the lights were on in the room. When the victim told Payne to turn off the lights himself if he wanted them off, Payne responded, "Let's take it outside." As soon as they got to the front yard, Payne began punching the victim, then grabbed a milk crate and began hitting the victim in the face with the milk crate. Paramedics responded to the scene, and took the victim to the hospital. The victim sustained a large U-shaped laceration on his forehead. The injury caused a flap of skin to hang down over his face. The laceration required 52 stitches.

DNA penalty, to be used for specifically stated purposes, *in addition to* a DNA penalty levied under Government Code section 76104.6.  Here, because the trial court did not impose a DNA penalty under Government Code section 76104.6, an "additional" DNA penalty under Government Code section 76104.7 should not have been imposed. (*People v. Valencia* (2008) 166 Cal.App.4th 1392, 1394-1396.)

The People further recognize that a DNA penalty under Government Code section 76104.6 may not be imposed now by way of Payne's current appeal, to correct an error in failing to impose a mandatory sentencing provision.  There is no mandatory sentencing error because a DNA penalty under Government Code section 76104.6 does not apply to any of the fines and assessments imposed by the trial court.  (See Pen. Code, §§ 1202.4, subd. (d), 1465.8, subd. (b); Gov. Code, §§ 70373, subd. (b), 76104.7, subd. (c); and see also *People v. Valencia, supra,* 166 Cal.App.4th at pp. 1394-1396.)

## DISPOSITION

The $20 DNA penalty imposed pursuant to Government Code section 76104.7 is stricken.  The judgment is affirmed in all other respects.  The trial court is directed to issue a new abstract of judgment in accord with this opinion.


BIGELOW, P. J.


We concur:


FLIER, J.


GRIMES, J.

3