Filed 5/16/13  P. v. Gonzalez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEVE GONZALEZ,<br><br>Defendant and Appellant. | B241693<br><br>(Los Angeles County<br>Super. Ct. No. TA120514) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Arthur M. Lew, Judge.  Modified and, as so modified, Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

Steve Gonzalez appeals the judgment entered following his conviction by jury of stalking, three counts of criminal threats and two misdemeanor counts of disobeying a court order. (Pen. Code, § 646.9, subd. (a), 422, 166, subd. (a)(4).) The trial court sentenced Gonzalez to prison and ordered him to pay, inter alia, a $20 DNA penalty assessment pursuant to Government Code section 76104.7. We order the judgment modified to strike the penalty assessment and, as so modified, affirm.

## DISCUSSION[1]

At sentencing, the trial court ordered Gonzalez to pay a $240 court security assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $180 criminal conviction assessment (Gov. Code, § 70373), a $1,000 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $1,000 parole revocation fine (Pen. Code, § 1202.45), and a $20 DNA penalty assessment (Gov. Code, § 76104.7).

Gonzalez contends the $20 penalty assessment imposed pursuant to Government Code section 76104.7 does not apply to any of the other fines imposed in this case. (See *People v. Allen* (2001) 88 Cal.App.4th 986, 991.) Consequently, it must be stricken an as unauthorized sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The People concede the point and it appears their concession is well taken.

A DNA fine under Government Code section 76104.7 must be attached as a penalty assessment to some other properly imposed fine, generally a DNA fine under Government Code section 76104.6. (See *People v. Valencia* (2008) 166 Cal.App.4th 1392, 1395.) No such fine was imposed in this case. Accordingly, the $20 DNA fine must be stricken as unauthorized.

---

[1]   The facts of the underlying offenses are unnecessary to resolve the issue presented.

2

**DISPOSITION**

The judgment is modified to strike the imposition of a $20 DNA fine pursuant to Government Code section 76104.7.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:


CROSKEY, J.


KITCHING, J.


3