Filed 4/1/21  P. v. Hart CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B301418 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA109696) |
| v. | |
| JUSTIN HART, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed as modified.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

## INTRODUCTION

Justin Hart (defendant) argues that the trial court violated his constitutional rights by imposing the minimum amount of fines and fees, which total $380. There was no constitutional violation. Further, the trial court erred in not imposing an additional $70 in mandatory fees, and we order the trial court to correct this error. In all other respects, the judgment is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

While purporting to sell a motorcycle over Craigslist, defendant met with Rafael Durnat (Durnat). Durnat gave defendant $7,500 in cash, and defendant left him the bike. Less than two weeks later, defendant retrieved the bike from Durnat's parking garage and sold it to Del Amo Motorsports in Long Beach for another $7,500.

The People charged defendant with (1) grand theft (Pen. Code, § 487, subd. (a)),[1] and (2) first degree residential burglary (§ 459).

In July 2019, defendant and the People entered into a plea bargain. Pursuant to that bargain, defendant pled no contest to grand theft and second degree residential burglary, was placed on three years of formal probation, and was ordered to pay $7,500 in direct victim restitution to Del Amo Motorsports (which had allowed Durnat to keep the bike). The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction

---

[1]   All further statutory references are to the Penal Code unless otherwise indicated.
      The People later added a charge of obtaining money by false pretenses (§ 532, subd. (a)), but the charge was dismissed as part of a plea bargain.

assessment (Gov. Code, § 70373, subd. (a)(1)), and a $10 crime prevention fine applicable to grand theft convictions (§ 1202.5). At sentencing, the prosecutor asked that the agreed-upon restitution be paid in six months; defendant said it would take him "about 14 months to pay it back"; and the trial court gave defendant 12 months to pay it in full. Defendant said nothing about his inability to pay the mandatory fines or fees.

Defendant filed this timely appeal.

## DISCUSSION

### I. Challenge to Mandatory Fines and Fees

Defendant argues that the $380 in mandatory fines and assessments imposed by the trial court (1) are unconstitutional under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and (2) constitute cruel and unusual punishment. We reject his arguments for two reasons.[2]

First, defendant has forfeited any objection to these fines and assessments. He was sentenced nearly six months after *Dueñas* was decided, yet never objected to the court that he had the inability to pay those fines and assessments or that the fines and fees constituted cruel and unusual punishment. This constitutes a forfeiture. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1154 [so holding]; see generally *People v.*

---

[2] In light of these reasons, and the uncertainty of whether section 1237.2 applies to *constitutional* challenges to the imposition of fines and assessments (*People v. Hall* (2019) 39 Cal.App.5th 502, 504-505 [suggesting that section 1237.2 may not apply to challenges to fines and assessments that "implicate [a] defendant's constitutional rights"]), we do not consider the People's argument that defendant's entire appeal is barred by section 1237.2 due to his failure to object to the imposition of those fines and fees before the trial court.

3

*Speight* (2014) 227 Cal.App.4th 1229, 1248-1249 [party's failure to object based on a five-week-old case constitutes a forfeiture].)

Second, defendant's arguments lack merit. His due process-based argument is based entirely on *Dueñas*, and we have rejected *Dueñas*'s reasoning. (See *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946.) Even if our Supreme Court upholds *Dueñas*, defendant's *Dueñas*-based objection still fails because he "points to no evidence in the record supporting his inability to pay." (*People v. Gamache* (2010) 48 Cal.4th 347, 409.) Indeed, the record indicates that defendant *can* pay the $380 in mandatory fines and assessments (and, for that matter, the $450 he actually owes) by the time he completes his three years of probation because he stipulated to pay $7,500 in direct victim restitution and represented to the court he could pay it in 14 months: If defendant, by his own admission, has the ability to pay $7,500 in the first 14 months of his probation, there is no reason to believe he could not pay an additional $450 in the remaining 22 months. Defendant's cruel and unusual-based argument also lacks merit. Whether a fine or assessment imposed in a criminal case constitutes cruel and unusual punishment turns on whether it is "grossly disproportional to the gravity of [the] defendant's offense." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 (*Bajakajian*), superseded by statute on other grounds as stated in *United States v. Jose* (2007) 499 F.3d 105, 110.) Factors relevant to gross disproportionality include "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay. [Citations.]" (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.) Under this standard, a defendant's ability to

4

pay is *a* factor, not *the only* factor. (*Bajakajian*, at pp. 337-338.) Applying these factors, we conclude that the minimum monetary obligations totaling $450 are not grossly disproportionate to his crimes of committing burglary and the theft of $7,500.

## II. Correction of Abstract of Judgment

Because defendant entered pleas to two counts, the trial court was required to impose a $40 court operations assessment and a $30 criminal conviction assessment as to each count. (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).) The trial court erred here because it only imposed each of those assessments once, not twice. We may correct a trial court's failure to impose a mandatory fee on appeal. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530.) Accordingly, we order the clerk of the superior court to prepare an amended abstract of judgment that reflects a total of $450 in fines and assessments. (*People v. Chan* (2005) 128 Cal.App.4th 408, 425-426.)

**DISPOSITION**

The abstract of judgment is modified as follows: a $30 criminal conviction assessment pursuant to Government Code section 70373, subdivision (a)(1) should be imposed for each count, for a total of $60; and a $40 court security fee pursuant to section 1465.8, subdivision (a)(1) should be imposed for each count, for a total of $80.  The trial court is ordered to prepare and forward a certified copy of the modified abstract of judgment to the California Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST


6