[No. F053858. Fifth Dist. Mar. 12, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
BOBBY LEE WILLIAMS, Defendant and Appellant.

COUNSEL

Conrad Petermann, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Paul A. Bernardino, Deputy Attorneys General, for Plaintiff and Respondent.

**O**PINION

**DAWSON, J.—**

## PROCEDURAL HISTORY

Appellant Bobby Lee Williams was charged with failure to register as a sex offender (Pen. Code, § 290)[1] and with having been convicted of four prior serious felonies (§ 667, subds. (b)–(i)) and having served a prior prison term (§ 667.5, subd. (b)).

On August 16, 2007, after a three-day trial, appellant's jury returned a verdict finding him guilty of the substantive offense. That same day appellant admitted the truth of the special allegations.

On September 14, 2007, the court denied appellant probation, declined a defense request to strike the prior conviction allegations under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], and sentenced him to a total term of 26 years to life in prison.

On September 18, 2007, appellant filed a timely notice of appeal. He contends that his conviction of failing to register is not supported by the evidence, that his jury was improperly instructed, and that his attorney did not provide effective representation. We will affirm.

## FACTS

Appellant was released from state prison on Wednesday, May 24, 2006, on parole after a Madera County conviction of forcible rape in concert. He took an Amtrak train back to Madera and spent his first night after release with a friend. He could stay there only one night, however, because the friend was moving.

Within 24 hours of his release, as required, appellant met with his parole agent and officer of the day, Gloria Chadwick, for an initial interview. During such an initial interview, a parolee is informed of any requirements for registration with the police or the sheriff, depending upon the parolee's place of resi-

---

[1] Further statutory references are to the Penal Code unless indicated.

Unless otherwise stated, we will refer to the version of section 290 that was in effect at the time of the offense alleged against appellant. (See Stats. 2005, ch. 722, § 3.5, eff. Oct. 7, 2005, operative Jan. 1, 2006.)

dence. During appellant's initial interview, on Thursday, May 25, 2006, Agent Chadwick marked "Yes" and circled "PC 290" on the intake form. Chadwick testified that this meant she personally advised appellant to register within five days under section 290. In the comments section of the form, Agent Chadwick noted: "To register, 290 PC by 5-31-06." Chadwick directed appellant to meet with his assigned parole agent, Todd Cregar, on Friday, May 26, 2006.

Appellant spent the night of Thursday, May 25, 2006, at the Madera Rescue Mission (the Mission).

On May 26, 2006, appellant met with Agent Cregar and advised Cregar he was staying at the Mission. Appellant had not yet registered with either the police or the sheriff. Cregar directed appellant to register and noted in his parole file that appellant must register by May 31, 2006. Cregar informed appellant that appellant could not remain at the Mission. It was too close to a school to allow for appellant's residence.

Cregar arranged for appellant to stay at the Casa Grande Motel (the Motel) in Madera. He drove appellant and another parolee to that motel and directed both to register with the Madera County Sheriff's Department since the Motel was located in the County of Madera. Appellant spent that night, Friday, May 26, 2006, at the Motel.

Cregar made a mandatory home visit within five days of placing appellant at the Motel, but appellant was gone from his assigned room and had taken all of his personal belongings with him. Cregar returned another day but appellant was still not present.

Appellant had moved to the home of a cousin in the City of Madera on Saturday, May 27, 2006. He had done so, according to his testimony, because he had been kidnapped and threatened by certain people who came to his room at the Motel. He had escaped but remained afraid of them. He made no attempt to contact Agent Cregar, and he did not register. He remained at the home of his cousin until his arrest on Saturday, June 3, 2006. At that time, he had been out of prison and in Madera for 10 days, not counting the day of his release. He had passed six full working days, not including the day of his release, in Madera. These were Thursday and Friday, the 25th and 26th of May, as well as Tuesday through Friday, May 30 through June 2, 2006. Monday, May 29, had been the Memorial Day holiday.

Appellant testified he had lived in Madera most of his life, his family lived in Madera, and he regularly returned to Madera upon his release on parole, which had occurred several times after his 1990 conviction for rape and burglary. Appellant said he tried to register at the Madera Police Department on Friday, May 26, 2006, before his visit with Agent Cregar, but he was turned away because he did not have an appointment or any identification.

Appellant acknowledged in his testimony that he was aware of his registration requirements. Evidence was presented that he previously had incurred parole violations for failing to comply with those requirements.

## DISCUSSION

I. *Was There Sufficient Evidence to Show Appellant Failed to Register Within the Meaning of Section 290?*

Appellant contends the prosecution presented no direct or circumstantial evidence that he failed to register within the, "five working days" specified in section 290. He notes there were only 10 days—not including the day of his release—during which he could have established a "residence" before his arrest and only six "working days" during that same period of time. Given his arrest on Saturday, June 3, 2006, appellant maintains, the five-working-day grace period of section 290 could have lapsed only with respect to a residence established on either Wednesday, May 24, 2006, or Thursday, May 25, 2006. In appellant's view, the evidence did not show that he had established a residence on either of those dates because (1) the friend's house, where he stayed the first night after his release, was not open to him for more than that night, and (2) the Mission, where he stayed on Thursday, May 25, was not open to his continued residence because it was in an area close to a school and thus closed to sex offenders.

### A. *The Information*

The information charged in pertinent part: "COUNT 1 [¶] BOBBY LEE WILLIAMS did, on or about June 3, 2006, in the County of Madera, State of California, commit a FELONY, namely, violation of Section 290(a)(1)(A) . . . , in that the said [BOBBY LEE WILLIAMS] being a person required to register upon coming into, and changing residence and location within a jurisdiction, based on a felony conviction; did willfully and unlawfully violate the registration provisions of . . . section 290."

B. *Applicable Law*

At the time of the alleged offense, section 290 stated in pertinent part: "(a)(1)(A) Every person [who is required to register], for the rest of his or her life while residing in California, . . . shall be required to register with the chief of police of the city in which he or she *is residing*, or the sheriff of the county if he or she *is residing* in an unincorporated area or city that has no police department . . . within *five working days of coming into*, or changing his or her residence within, any city, county, or city and county . . . ." (Stats. 2005, ch. 704, § 1, ch. 722, § 3.5, italics added.)

The trial court instructed the jury with CALCRIM No. 1170 (failure to register as sex offender) (Judicial Council of Cal. Crim. Jury Instns. (2006)) as follows: "[Appellant] is charged with failing to register as a sex offender. To prove that [appellant] is guilty of this crime, the People must prove that, one, [appellant] was previously convicted of the crime of rape; two, [appellant] *resided in* Madera, California, or in an unincorporated area in Madera County, California; three, [appellant] actually knew he had a duty to register as a sex offender under . . . section 290, wherever he resided; and, four, [appellant] willfully failed to register as a sex offender with the police chief of that city or sheriff of that county within five working days of coming into or changing his residence within that city or county. Someone commits an act willfully when he or she does it willingly or on purpose." (Italics added.)

■ The purpose of the section 290 registration requirement is to ensure that convicted sex offenders are readily available for police surveillance. The triggering of a sex offender's five-day notice period is a question for the jury. That question is not dependent upon whether the offender stayed at a residence five or more consecutive days. The duty to register arises when the sex offender enters a jurisdiction and ends when he or she leaves the jurisdiction. (*People v. Poslof* (2005) 126 Cal.App.4th 92, 103 [24 Cal.Rptr.3d 262]; *People v. Davis* (2002) 102 Cal.App.4th 377, 382 [125 Cal.Rptr.2d 519].)

■ While the registration requirement of section 290, former subdivision (a)(1)(A) applied only where the sex offender "is residing" in a given jurisdiction, appellant cites and we are aware of no authority for the proposition that a person "is residing" in a jurisdiction only when staying at a place of residence—that is, an address—that will remain open to that person.

We reject this proposition, which confuses the concept of residing in a jurisdiction with having a place of residence there.[2]

In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. Reversal on this ground is unwarranted unless it appears there is no sufficient substantial evidence to support the conviction. (*People v. Poslof, supra,* 126 Cal.App.4th at pp. 103–104.) We consider the evidence in the light most favorable to the judgment. We presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. On appeal, the test is whether substantial evidence supports the decision and not whether the evidence proves guilt beyond a reasonable doubt. The sole function of the appellate court is to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The standard of review is the same in cases where the prosecution relies upon circumstantial evidence. (*People v. Balkin* (2006) 145 Cal.App.4th 487, 491–492 [51 Cal.Rptr.3d 687]; *People v. Chan* (2005) 128 Cal.App.4th 408, 415–416 [26 Cal.Rptr.3d 878].)

### C. *Analysis*

■ Here, we believe there is more than sufficient evidence to support the conclusion, evidently drawn by the jury, that appellant began "residing" in Madera when he returned there upon his release from parole. He had grown up there and had family there. He was assigned a parole agent there, and he attempted to register there, according to his testimony, even before seeing his assigned agent. In essence, appellant began "residing" in Madera at the same time he came into Madera. Thus, he was required and failed to register within the five working days allotted him.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2] The verb "reside" is defined by the Random House Dictionary of the English Language (1973) in pertinent part, as "1. to dwell permanently or for a considerable time: *He resides in Boston.*" (*Id.* at p. 1220.) Former subdivision (a)(1)(C)(vii) of section 290 (currently § 290.011, subd. (g)), defined the term "residence" as "one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address . . . ."

*See footnote, *ante,* page 1667.

## DISPOSITION

The judgment is affirmed.

Wiseman, Acting P. J., and Levy, J., concurred.

A petition for a rehearing was denied April 6, 2009, and appellant's petition for review by the Supreme Court was denied June 24, 2009, S172257.