Filed 5/19/21  P. v. Ruther CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID ELMO RUTHER,<br><br>    Defendant and Appellant. | 2d Crim. No. B300935<br>(Super. Ct. No. BA474315)<br>(Los Angeles County) |

David Elmo Ruther appeals from the judgment entered after a jury had convicted him of failing to register as a sex offender in violation of Penal Code section 290, subdivision (b).[1] The jury found true one prior strike within the meaning of California's "Three Strikes" law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  Appellant was sentenced to prison for 32 months.

Appellant contends that the evidence is insufficient to support his conviction and that the trial court erroneously failed

---

[1] All statutory references are to the Penal Code.

to sua sponte define a word used in a standard jury instruction. We affirm.

*Facts*

Appellant concedes: "[T]he evidence demonstrated [he] suffered a prior out-of-state conviction in 1990 and was discovered living in a homeless tent in downtown Los Angeles in 2017. Appellant was convicted of rape in the first degree and sexual abuse in the second degree, in the State of Oregon. Due to this conviction, he was required to register in California as a sex offender pursuant to Penal Code section 290."

In November 2017, the Los Angeles City Attorney informed Officer Elbin Quintanilla that appellant was living in Los Angeles and had not registered as a sex offender. Quintanilla discovered that appellant had made contact with the police at a "homeless encampment" in downtown Los Angeles. Quintanilla obtained a photograph of appellant. He went to the homeless encampment, spoke to people there, and showed them the photograph. Several people recognized appellant. They said he was living in a nearby tent and "frequented the Starbucks on Cesar Chavez and Broadway." On at least three occasions Quintanilla and his partner, Officer Villalobos, went to the tent to look for appellant, but he was not there.

Months later on September 29, 2018, Officer Villalobos saw appellant outside the Starbucks on Cesar Chavez and Broadway in downtown Los Angeles. Villalobos informed him that, because of his Oregon conviction, he was required to register as a sex offender in California. Appellant "stated something about it was an incident that occurred with his wife, that it shouldn't have gone to court, that he . . . shouldn't have to register." Villalobos said that, "due to the conviction, he has to . . . register."

2

Appellant replied that "he didn't care, he is not gonna register." Villalobos warned that if he did not register, he would be arrested. Appellant responded, "I don't care. I will see you in court."

Villalobos told appellant to register at a police station in the City of Los Angeles. He gave appellant a business card with the station's address. The station was "no more than two miles [away]." Villalobos did not arrest appellant. He "wanted to give [appellant] time to go to the station to register." Appellant did not register.

*Sufficiency of the Evidence*

"The purpose of the section 290 registration requirement is to ensure that convicted sex offenders are readily available for police surveillance." (*People v. Williams* (2009) 171 Cal.App.4th 1667, 1672.) "[A] sex offender [who fails to register] is guilty of a felony only if he 'willfully violates' the registration or notification provisions of section 290. . . . Accordingly, a violation of section 290 requires actual knowledge of the duty to register." (*People v. Garcia* (2001) 25 Cal.4th 744, 752.) Appellant claims that the evidence is insufficient to show that he "had actual knowledge or notice adequate to charge him with willful failure to register under Penal Code section 290."

"In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'" (*People v. Bolin*

(1998) 18 Cal.4th 297, 331.)  "We neither reweigh the evidence nor reevaluate the credibility of witnesses.  [Citation.]  We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence."  (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639.)

Based on appellant's conversation with Officer Villalobos, a reasonable trier of fact could find beyond a reasonable doubt that appellant had actual knowledge of his duty to register.  Appellant was aware of the Oregon conviction but said he should not have to register because the conviction was based on an incident involving his wife.  Officer Villalobos informed appellant that he was required to register and that he would be arrested if he did not register.  Appellant replied that "he didn't care, he is not gonna register," and he "will see [Villalobos] in court."  Officer Villalobos testified:  "[Appellant] was responsive.  He knew exactly what I was talking about . . . ."

Appellant argues, "[T]here was insufficient evidence to prove beyond a reasonable doubt that [he] 'resided' within Los Angeles County requiring him to register with the local law enforcement agency as a sex offender."  Section 290, subdivision (b) provides that a sex offender "shall register with the chief of police of the city in which the person is residing . . . within five working days of coming into . . . any city . . . in which the person temporarily resides . . . ."

A reasonable trier of fact could find beyond a reasonable doubt that appellant permanently or temporarily resided in the City of Los Angeles.  In November 2017 Officer Quintanilla learned that appellant had made contact with the police at a homeless encampment in downtown Los Angeles.  Several people at the homeless encampment told Quintanilla that appellant was

4

living in a nearby tent. In September 2018 Officer Villalobos saw appellant outside a Starbucks in downtown Los Angeles.

Appellant argues that "there was no substantial credible evidence demonstrating appellant continuously lived in Los Angeles County." But the statute required registration if appellant lived in Los Angeles for only five consecutive working days, and the evidence was sufficient to satisfy the five-day rule. (See § 290, subd. (b); *People v. Davis* (2002) 102 Cal.App.4th 377, 382 ["A sex offender who enters the City of Los Angeles in January and remains there for five consecutive working days must register with the LAPD no later than the fifth consecutive working day"].)

*Jury Instructions*

The trial court gave CALCRIM No. 1170 on the elements of a violation of section 290. The instruction provided that the People must prove that "[t]he defendant resided in Los Angeles, California." Appellant maintains that the trial court erroneously failed to instruct sua sponte on "the meaning of the term 'reside.'" He asserts: "[A]n appropriate instruction . . . would have defined 'reside' as follows: 'Reside means more than passing through or presence for a limited visit. To reside is to temporarily or permanently dwell in a place, which one keeps and to which one intends to return, as opposed to a place where one rests or shelters during a trip or a transient visit.'"

Appellant forfeited his claim of error because he did not ask the court to instruct on the meaning of "reside." "'"Generally, a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or

5

amplifying language.""" (*People v. Catlin* (2001) 26 Cal.4th 81, 149.)

If the claim is not forfeited, it is without merit. "In [*People v.*] *McCleod* [(1997)] 55 Cal.App.4th 1205, [1217-1219], the court stated that the term 'residence,' as used in section 290, was a commonly understood term, without technical meaning, that did not have to be defined by the court. The *McCleod* court concluded the term was easily understood by persons of common intelligence as connoting "'more than passing through or presence for a limited visit.'" [Citation.] The court in *McCleod* therefore concluded: 'Neither the courts nor the Legislature has seen the need to further define the common term of residence for section 290. Nor do we.' [Citation.]" (*People v. Gonzales* (2010) 183 Cal.App.4th 24, 36.) Since "residence" need not be defined by the trial court, it follows that the common term "reside" as used in section 290 also need not be defined. "The law is settled that when terms have no technical meaning peculiar to the law, but are commonly understood by those familiar with the English language, instructions as to their meaning are not required." (*People v. Anderson* (1966) 64 Cal.2d 633, 639.)

*Disposition*

The judgment is affirmed.
<u>NOT TO BE PUBLISHED.</u>


                                                    YEGAN, J.
We concur:


        GILBERT, P. J.


        TANGEMAN, J.


6

Ray G. Jurado, Judge

Superior Court County of Los Angeles

_____

Daniel G. Koryn, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan J. Kline, Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.