Filed 12/9/20  P. v. Citalan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072031 |
| v. | (Super.Ct.No. INF1601016) |
| MANUEL JONATAN PALENCIA CITALAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Otis Sterling III, Judge.

Affirmed as modified.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, and Susan

Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.      PROCEDURAL HISTORY

On October 17, 2016, an amended information charged defendant and appellant Manuel Jonatan Palencia Citalan with a lewd and lascivious act upon a child under the age of 14 under Penal Code[1] section 288, subdivision (a) (count 1); oral copulation with a child under the age of 14 and more than 10 years younger than defendant under section 288a, subdivision (c)(1) (count 2); oral copulation or sexual penetration with a person who is 10 years of age or younger under section 288.7, subdivision (b) (count 3); committing a lewd and lascivious act upon a child under the age of 14, by use of force, violence, duress, menace and fear of immediate and unlawful bodily injury under section 288, subdivision (b)(1) (count 4); and felony false imprisonment under section 236 (count 5).

On November 16, 2017, a jury found defendant guilty of all charges.

On January 7, 2019, the trial court sentenced defendant to a total term of 17 years as follows:  the midterm of two years on count 5, and a consecutive indeterminate term of 15 years to life on count 3.  The court also imposed, but stayed under section 654, a determinate term of two years on count 1, two years on count 2, and two years eight months on count 4.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On January 16, 2019, defendant filed a timely notice of appeal. On January 29, 2020, defendant filed a motion to strike the filing of his opening brief and to file an amended opening brief, which was attached to the motion. On January 31, 2020, we granted defendant's motion. On April 9, 2020, defendant filed a motion to file a supplemental brief; defendant attached a copy of the supplemental brief to the motion. April 10, 2020, we granted defendant's motion and directed the clerk to file the attached supplemental brief. We also directed the parties to file supplemental respondent and reply briefs.

B.     FACTUAL BACKGROUND

1.     *PROSECUTION EVIDENCE*

In July of 2016, D.R. (Mother) lived in Cathedral City with her five children. Defendant was Mother's cousin and lived in Colorado at the time. On July 28, 2016, Mother allowed defendant to stay at her home because he was going to attend a religious meeting in Los Angeles. The morning after defendant arrived, Mother's son (Doe), who was eight years old, went with defendant to visit family. They were gone for 10 to 11 hours. When they got home, defendant immediately left the house; he told Mother there was an emergency and he had to leave.

After defendant left, Doe started to cry. He told Mother that defendant took him to a bathroom and told Doe that defendant would give him a dollar if Doe "sucked his dick." Doe then took Mother and a maternal aunt to the bathroom where the incident occurred. The bathroom was a Port-a-Potty located off a narrow path, near a lake and a golf course in Cathedral City.

3

Mother called defendant, talked to him about what happened, and recorded the conversation. When Mother asked defendant why he took Doe to the bathroom and why he exposed himself, defendant replied, "One thing lead to another." Defendant then said that he was abused as a child. Defendant then begged Mother not to tell anyone. Defendant went on to state that although he was abused, he was not "doing the things because of that. I had always been curious and I've always tried to hold back because I'm a pastor [Mother]. If anyone finds out about this, the whole world will fall on top of me, [Mother]." Defendant asked for Mother's forgiveness and said that if she forgave defendant and taught Doe to forgive defendant, Doe would be better off. Although defendant admitted that what he had done to Doe was wrong, he said he was at the hospital because his blood pressure was high. He stated, "I'm really paying for what I did and I'm—I'm with my conscience [*sic*] that it doesn't make sense, really. I don't feel good, [Mother], really. Don't think I'm a sleaze that—that did it and that—and that already left and no, no. I'm dying right now, really, [Mother], I'm dying. But really, I feel like I'm dying with this, [Mother], and I'm really paying for it." He again asked for Mother's forgiveness and stated he would not do the same thing again. Mother told defendant she would not forgive him. She then contacted the police.

Pursuant to a plan with the police, Mother contacted defendant. She told defendant that she forgave him but said defendant should ask Doe for his forgiveness. Defendant texted back stating he was going to kill himself. Mother convinced defendant to meet up at a fast food restaurant. When they met, Mother was wearing a wire and the conversation with defendant was recorded. Defendant told Doe that what he had done

4

was "so wrong" and asked for forgiveness. Then defendant told Doe not to tell anyone what had happened. Police, who had been waiting nearby, came and arrested defendant. The recorded conversation was played for the jury.

An interview between Doe and a Riverside Child Assessment Team (RCAT) was recorded and played for the jury. In the interview, Doe's statement was consistent with what Mother told law enforcement. Defendant took Doe to a "plastic" bathroom off a dirt road by a golf course and lake. Defendant locked the door and told Doe to sit down. Doe wanted to get out, but defendant would not let Doe leave. When Doe was sitting on the toilet, defendant pulled down defendant's pants and underwear, and stuck his penis in Doe's mouth. Defendant told Doe to "suck my dick." Defendant's penis was "nasty" in Doe's mouth, and smelled "nasty," which made Doe vomit. Defendant pulled up his underwear and pants and they left the bathroom. Defendant told Doe not to tell anyone what had transpired.

Doe's testimony during the trial was consistent with what he told Mother and during the RCAT interview.

2. *DEFENSE EVIDENCE*

Laura Lopez, a victim advocate with the Riverside County District's Attorney's Office testified. Lopez testified that Mother had asked Lopez about obtaining a Uvisa. A Uvisa is an immigration application available to crime victims. Lopez referred Mother to an immigration attorney for assistance in completing the application. When defense counsel called Mother to the stand, she confirmed that she had missed court that morning because of an immigration appointment.

5

# DISCUSSION

## A. COUNT 1 SHOULD BE DISMISSED

In the supplemental brief, defendant contends that count 1 (committing a lewd and lascivious act upon a child under the age of 14 under section 288, subdivision (a)), must be stricken because it is a lesser included offense of count 4 (committing a lewd and lascivious act upon a child under the age of 14, by use of force, violence, duress, menace, and fear of immediate and unlawful bodily injury under section 288, subdivision (b)(1).) The People agree.

A lesser offense is necessarily included in a greater offense if it is not possible to commit the greater offense without also committing the lesser offense. (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467.)

In this case, the elements of section 288, subdivision (a) (count 1) and section 288, subdivision (b)(1) (count 4) are identical *except* that a violation of section 288, subdivision (b)(1), requires that the defendant use "force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." Therefore, a violation of section 288, subdivision (a), is a lesser offense necessarily included in a violation of section 288, subdivision (b)(1). (*People v. Chan* (2005) 128 Cal.App.4th 408, 421.)

Under California law, if a defendant is convicted of both a greater offense and a lesser offense necessarily included in it, the conviction of the lesser offense is unlawful and must be reversed. (*People v. Pearson* (1986) 42 Cal.3d 351, 355, overruled on other grounds in *People v. Vidana* (2016) 1 Cal.5th 632, 650.) This rule has been applied when

6

a defendant is convicted under both section 288, subdivision (b), and section 288, subdivision (b)(1), for the same conduct. (*People v. Chan*, *supra*, 128 Cal.App.4th at p. 421.) "When such a state of affairs is discovered on appeal, the correct course of action is to reverse the conviction for the included offense and direct the entry of a dismissal of the less serious crime." (*Ibid.*)

In this case, the trial court stayed count 1 under section 654 because it was based on the same conduct as count 4. Count 1, however, as discussed above, is based on the same conduct as count 4. Therefore, count 1 is a lesser included offense of count 4. We will dismiss count 1.

B.     THE TRIAL COURT PROPERLY SENTENCED DEFENDANT

Defendant contends that "the trial court erred in imposing a full consecutive sentence on count 5, false imprisonment, and in not running concurrent or staying the sentence." We disagree.

1.     *THE TRIAL COURT PROPERLY DESIGNATED COUNT 5 AS THE PRINCIPAL COUNT*

In this case, the trial court designated count 5 (false imprisonment) as the principal term, and sentenced defendant to a total term of 17 years to life as follows: an indeterminate term of 15 years to life for oral copulation with a child under 10 under section 288.7, subdivision (b) (count 3), and a consecutive determinate term of two years for false imprisonment under section 236 (count 5). The court also imposed, but stayed, under section 654, determinate sentences on the remaining counts (counts 2 and 4).

When a sentence involves both indeterminate and determinate terms, the trial court is required to calculate the indeterminate terms (including any attached determinate-term enhancements) separately from the determinate terms. (*People v. Neely* (2009) 176 Cal.App.5th 787, 798 (*Neely*).) Once the court determines the sentences for the indeterminate term offenses and the determinate term offenses, it combines the two to reach an aggregate total sentence and determines whether the aggregate determinate term will run concurrently or consecutively to the indeterminate term. (*Id.* at pp. 798-799.) The *Neely* court observed, "Such sentencing has been conceptualized as sentencing in separate boxes. [Citation.] Applying this 'box' analogy to the instant case, the indeterminate term crime of first degree murder is placed in one box. . . . [¶] A second box is created to include the three determinate sentence crimes. Applying section 1170.1, the court would select a base term for each of the crimes, set the crime with the greatest base term as the principal term, [and] impose the full base term as the sentence for the principal term crime." (*Id.* at pp. 798-799.)

Defendant concedes that the trial court properly sentenced defendant to an indeterminate term of 15 years to life. Defendant, however, claims that the trial court erred in sentencing defendant in counts 2, 4, and 5. Defendant claims that the principal determinate term should have been count 4—eight years, "followed by 1/3 the middle term of 6 years, or 2 years on Count 2 (§ 288a, subd. (c)(1)), and 1/3 the middle term, or 8 months on Count 5 (§ 236.)"

8

"Section 1170.1 sets forth the sentencing protocol for felony offenses for which a determinate low, middle or upper term of incarceration is imposed.  It also sets forth the rules for imposing a consecutive sentence through the designation of 'principal' and 'subordinate' terms.  First, the trial court is required to select a base term—either the statutory low, middle or upper term—for each of the crimes.  [Citations.]  Second, if the court determines that a consecutive sentence is merited, it must designate the crime with the "greatest" selected base term as the principal term and the other crimes as subordinate terms.  [Citation.]  Third, the court sentences the defendant to the full base term it selected for the principal term crime and one-third of the middle term for any crimes for which the sentence is ordered to run consecutively.  [Citations.]  A subordinate term is one-third of the *middle term* even if the trial court had initially selected the lower or upper term as the base term."  (*Neely*, *supra*, 176 Cal.App.4th at pp. 797-798.)

Therefore, as discussed *ante*, the court in *Neely* provided that under section 1170.1, when selecting a base term for determinate consecutive sentencing, the court would "set the crime with the greatest base term as the principal term."  (*Neely*, *supra*, 176 Cal.App.5th 799.)  In this case, the crime with the greatest base term is count 4, eight years but the court deemed count 2 (two years) as the principal count.  Section 1170.1, however, specifically states "except as otherwise provided by law, and subject to Section 654 . . . ."  (§ 1170.1, subd. (a).)  Here, defendant's sentence is subject to section 654.

Section 654 prohibits multiple punishments for different offenses that are committed in the course of a single intent or objective.  Section 654, subdivision (a), provides in pertinent part, "[a]n act or omission that is punishable in different ways by

different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

In this case, the trial court sentenced defendant to two years in count 2 and eight months in count 4—but stayed both sentences pursuant to section 654. Therefore, subject to section 654, the trial court stayed the sentence to count 4, even though it had the greatest base term. Therefore, the court properly selected the principal term to be count 5—which was not subject to section 654, as will be discussed *post*.

2. *SECTION 654 DOES NOT BAR IMPOSITION OF THE SENTENCE ON COUNT 5*

Defendant argues that in the alternative, the sentence for count 5, felony false imprisonment, must be stayed under section 654. He claims that he cannot be sentenced for both false imprisonment (count 5) and oral copulation with a child under 10 (count 3) because the sole purpose of the false imprisonment was to facilitate the oral copulation. Defendant, therefore, argues that the two crimes were part of an indivisible course of conduct with a single criminal objective. We disagree.

"The test for determining whether section 654 prohibits multiple punishment has long been established: 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor.' " (*People v. Britt* (2004) 32 Cal.4th 944, 951-952.) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and

10

therefore may be punished only once. [Citation.] [¶] If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

In support of his claim that his sentence on count 5 should be stayed, defendant relies on *People v. Islas* (2012) 210 Cal.App.4th 116. The facts in this case are distinguishable. In *People v. Islas*, two defendants, who were gang members, broke into a building, climbed up a ventilation shaft, and entered a bathroom occupied by a woman and her daughters. The defendants intimidated the woman and her daughters into hiding the defendants from police. (*Id.* at pp. 119-122.) The defendants were convicted of burglary and five counts of false imprisonment by violence or menace. The trial court sentenced both defendants to concurrent terms on each of the false imprisonment counts. The appellate court stated that the burglary was committed "*entirely on entry with the intent to commit felony false imprisonment*." (*Id.* at p. 130, italics added.) Therefore, because there was a single criminal objective, the court held that the defendants could not be sentenced for false imprisonment in addition to the burglary under section 654. (*Ibid.*) Here, as noted by the probation officer and the trial court, counts 1, 2, 3, and 4 "related to the same act in which [defendant] engaged in oral copulation with a child under 10 years of age." Therefore, the trial court imposed and stayed the sentences on counts 1, 2, and 4 under section 654. The court, however, did not stay the sentence on count 5—false

11

imprisonment. Here, although defendant took Doe into the bathroom with the intent to have the child orally copulate him, it was not until Doe resisted that defendant decided to falsely imprison Doe to keep him from fleeing. As noted in the probation report, in the false imprisonment charge, defendant blocked "the child's only route of escape when the child attempted to leave, therefore sentencing limitations for this charge pursuant to section 654 do not apply." We agree.

The trial court is vested with broad discretion in making the factual determination whether the defendant had separate intents and objectives, which warranted separate punishments under section 654. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) "A trial court's implied finding that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence." (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.) Under the substantial evidence standard of review, the trial court's determination is reviewed in the light most favorable to the judgment and presumes the existence of every fact the trial court could reasonably deduce from the evidence. (*Jones*, at p. 1143; *People v. Akins* (1997) 56 Cal.App.4th 331, 339.)

Based on our review of the record, we find that substantial evidence supports a finding that defendant demonstrated a separate criminal intent for count 3 (oral copulation) and for count 5 (false imprisonment). Therefore, section 654 does not apply to count 5.

### 3.   *THE SENTENCES ON COUNTS 2 AND 4 ARE ALREADY STAYED*

In his reply brief, defendant contends that "Counts 2 and 4 cannot be both consecutized and stayed; they must be stayed under Penal Code section 654." Defendant makes the argument that "the trial court imposed consecutive sentences for counts 1,[2] 2 and 4, all of which were then stayed. It is with this initial pronouncement that the court erred. The court should have imposed these sentences concurrent to each other and to count 5, then stayed them under section 654." Defendant's argument is without merit.

In this case, the trial court has already imposed concurrent sentences and stayed the sentences on counts 2 and 4. After reviewing the transcript from the sentencing hearing, the minute order from the hearing, and abstract of judgment, there is nothing to indicate that the court imposed consecutive sentences on counts 2 and 4. In fact, in the abstract of judgment, under the column labeled "principal or consecutive time imposed," there is nothing written next to counts 2 and 4. As to count 5, however, 2 years and 0 months is noted under the "principal of consecutive time imposed." Therefore, the sentences on counts 2 and 4 were not imposed consecutively and have already been stayed by the court.

### DISPOSITION

The abstract of judgment is modified to dismiss the conviction on count 1. The trial court is directed to prepare an amended abstract of judgment reflecting the dismissal

---

2  Because we have dismissed count 1, *ante*, issues relating to count 1 are not discussed further.

13

of count 1 and to forward a certified copy to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____

J.

We concur:

RAMIREZ_____

P. J.

FIELDS_____

J.

14